(Judge Hull of the 6th Circuit sitting in the place of Judge Burrows.)

## MARY HOLMES v. ASHTABULA RAPID TRANSIT CO.

1. MERE ABSTRACT PROPOSITIONS OF LAW IMPROPER CHARGE.

Mere abstract propositions of law, although in themselves correct, which are not applicable to the facts of the case on trial, are misleading and should not be given to the jury in the charge of the court.

2. RULE AS TO ABSTRACT PROPOSITIONS APPLIED.

A charge, in an action for injuries resulting from being thrown from the step of a street car while attempting to alight, that a passenger on a street car has a right to alight therefrom at any time he or she may desire, if the car has stopped for any purpose whatever, without giving any signal, is within the rule above stated.

Holmes v. Rapid Transit Co.

**3. Not Negligence to Alight from Slowly Moving Car.**

It is not negligence, as a matter of law, for a person to undertake to alight from a street car before it has come to a full stop or is moving slowly. Therefore, in an action for personal injuries received while attempting to alight, a charge requiring the jury to find before returning a verdict for plaintiff, that the "car was stopped and started again before plaintiff had a reasonable time in which to alight" is erroneous.

**4. Rule as to Abstract Proposition Applied.**

It is also erroneous, under the rule first stated, to give the abstract proposition that "it is not negligence for a person to alight from a street car when the same is going very slow or has stopped." It is, in each case, a question for the jury whether attempting to alight while the car was moving, is or is not negligence.

**5. Highest Degree of Care—Carriers of Passengers.**

The law imposes upon the carriers of passengers for hire the highest degree of care; therefore, a charge to the jury, in an action for injuries, which only imposes upon a street railway company the duty of exercising "ordinary and reasonable care;" in reference to its passengers, is inadequate and erroneous.

**6. Misleading Charge as to Plaintiff's Duty.**

Instructing the jury, in an action for injuries resulting from being thrown from a street car, that "if the plaintiff in the exercise of reasonable care could have prevented the accident" their verdict should be for the defendant, although not reversible error, is subject to criticism for the reason that it might have been misleading, as there might have been many ways in which the accident could have been prevented, as by not getting on the car or not attempting to get off, which the plaintiff was under no obligations to pursue

**7. Rule as to Contributory Negligence—Proximate Cause.**

Unless a person contributed directly to, or his or her negligence was the proximate cause of the injury, a recovery is not precluded; and to require the jury to find for defendant "if it appears that plaintiff was guilty of any negligence which contributed to the injury," without the limitation that it must have contributed directly to the injury, is erroneous.

**8. Series of Special Requests—Refusal to Give.**

Where special requests to charge are asked as a series, if any one of such requests is bad or improper, the court may refuse them all.

Error to the Court of Common Pleas of Ashtabula County.

Hull, J.

This action comes into this court on a petition in error filed by the plaintiff in error, Mary Holmes, against the defendant in error, the Ashtabula Rapid Transit Co., to reverse the judgment of the court of common pleas.

The questions that are made here arise out of the charge of the court upon the trial below. In order to consider those questions, it is necessary to state briefly the facts of the case, and the issues between the parties.

The action was brought for damages, claimed to have been sustained by the plaintiff in error, who was the plaintiff below, on account of the negligence of the defendant, which is a street railroad company, owning and operating an electric street railroad in the city of Ashtabula in this county.

The plaintiff claimed and alleged in substance, in her petition, that on or about July 11, 1898, she hailed a passing car of the defendant company, at or near the North end of the line of the company, at what is known as Ashtabula Harbor; that the cars were stopped, and she got on to the car known as a trailer; there being two cars run by the defendant, one furnishing the motor power for both, the one at the rear being known as the trailer, and she claims that as she got on to the car she notified the conductor where she intended or desired to get off, to-wit:

some few blocks distant—perhaps about five blocks, at or near a place called Dudley's Crossing. That she was invited by the conductor to go into the forward car, but as she expected to get off soon, she alleges that she sat down in the trailer, and she claims in her petition that she notified the conductor when she wished to get off the car, and that the car was stopped, and that as she was about to step off the car, it was suddenly started with a sudden jerk of such violence she was thrown off the car, and, as she alleges, she was severely injured.

The defendant admits the operating of the street railroad, and that the plaintiff was a passenger for hire upon the cars of the company, at the time in question, and fell off the car and was injured to some extent; but denies any negligence on its part, and charges the plaintiff with contributory negligence, and avers that whatever injury she received, was due to her own negligence contributing thereto, and charges expressly that she attempted to get off the car while the car was in motion and her injuries were due to such act of negligence.

The bill of exceptions does not purport to contain all the evidence. It sets forth the testimony of the plaintiff and two witnesses called by the plaintiff below, and recites that the defendant called testimony which tended to rebut and did rebut the testimony offered by the plaintiff; the plaintiff calling some other witnesses, besides offering herself and the two witnesses to whom I have referred, but the testimony of no other witness is set forth.

The complaint as to the charge is to the refusal of the court below to give certain requests asked by the plaintiff, and to the giving of certain requests asked by the defendant, and also to some portions of the general charge. The complaint of the plaintiff in a general way is, that the jury were charged that the defendant was only required to use toward the plaintiff, who was a passenger, ordinary and reasonable care, in the management and operation of its railroad and cars; whereas it is claimed that the defendant, being a common carrier for hire, was bound to a higher degree of care under the law, to-wit: to use the highest degree of care used by persons engaged in that business, and it is further complained that the instructions, as given, some paragraphs of them, practically instructed the jury that if the plaintiff attempted to get off the car while it was in motion, that that would constitute negligence and she could not recover.

It is also complained that the court declined to give the requests asked by the plaintiff below. The court gave none of them.

The plaintiff's testimony tended, in a general way, to support the allegations of her petition; she testified that she signaled the conductor to stop and he stopped; she got on to the car and notified him she wished to get off within about five blocks; that he invited her into the front car, which was a covered car; that she, being about to get off soon, sat down in perhaps the second seat from the rear, in the trailer; that the trailer had around it what is known as a running board or long step, running from one end of the car to the other; and she testified that when she was a short distance from the point where she desired to get off, she signaled the conductor—perhaps raised her hand, but that he did not stop the car or order it to be stopped at that point; but seeing a man standing on ahead some distance, who apparently desired to get on the car, ran past the crossing where she desired to get off, about fifty feet, and then stopped, and she then arose, as she claimed, to get off the car,

Holmes v. Rapid Transit Co.

and, as she claims when she was standing just on the edge of the car, and about to put her foot on this running step, the car was started with a sudden movement and jerk, and she was thereby thrown off the car on to the ground and injured, as she complains in her petition.

The testimony of the defendant is not set forth, but as I have said, the bill recites that testimony was offered tending to rebut that offered by the plaintiff, and the answer alleges that she attempted to get off the car while the car was in motion.

The case was submitted to the jury, and a verdict was rendered in favor of the street railroad company, upon which judgment was rendered by the court below.

At the conclusion of the argument the plaintiff requested the court to give five requests to the jury. The bill recites that they were requested in this manner.

"Now comes the plaintiff by her counsel, and requests the court now here to give in charge to the jury, the following propositions of law, to-wit:" Then they follow.

It does not appear from the bill of exceptions that each request was asked separately to be given, but as I have read, it appears that they were asked to be given by the court as a series. They were all refused by the court.

The first one reads as follows:

"1. A passenger upon a street car has the right to alight therefrom at any time he or she may desire, if the car has been stopped for any purpose whatever, and from any cause whatever, without giving any signal."

Now as to that request, and the same objection applies to them all in a general way, we say that they are all in fact abstract propositions of law, and are not made to apply directly to the facts of the case on trial, or the claims of the parties, and while this proposition might be correct, under a certain a state of facts, there might be state of facts where a passenger would not have a right to alight from a car any time he desired; although the car was stopped there might be such circumstances as would make it improper for him to attempt to get off at that moment.

Now as to the second request it is very brief.

"2. It is not negligence in law for a person to attempt to alight from a street car when the same is going very slow, or has stopped."

As an abstract proposition of law, that is true, but such a proposition as that, given without any explanation to the jury, might mislead the jury; they might get the impression that the court was instructing them, or intending to instruct them, it would not be negligence in this particular case if the plaintiff attempted to get off the car while it was in motion. For a person to attempt to alight from a street car, when the same is going very slow or has stopped, it is true, is not negligence as a matter of law, it is a question for the jury to say, under all the circumstances, whether it was negligence or not, but in the absence of any explanation or any further statement by the court, we are of opinion that there was no error in the court refusing that instruction.

I will not read all of the requests. There are three more, and in our judgment, the same general objection applies to them; that they are all abstract propositions of law, and if they had been given exactly as requested, might have misled the jury, and, furthermore, that these

requests being asked as a series, according to the bill—all asked. together, that if any one of them, as we understand the rule, was bad, and ought not to have been given, it would not be error for the court to. refuse them all, which was done in this case, and we find no error in the action of the court in refusing those requests.

The plaintiff in error complains especially of the instructions that were given upon the request of the defendant. There were eleven of these in all, I believe, and perhaps more; they are numbered in a. peculiar way. The first one especially complained of is request number four on page 37 of the bill of exceptions. However, before this fourth request was given, there were four requests given, reciting briefly the claims of the plaintiff in her petition, then comes the fourth requests: as follows:

"4. If therefore the plaintiff has failed to show, by a preponderance of evidence, that defendant's car was stopped at or near the point of the alleged injury, and again started before she had a reasonable time to alight therefrom, your verdict must be for the defendant."

It appears from the reading of that request, that it required the jury to find, by a preponderance of the evidence, that the car was. stopped at or near the point of the alleged injury, to entitle the plaintiff to a verdict.

It is true she alleged in her petition that the car was stopped, and that as she was about to alight, the defendant not giving her reasonable time soto do, started the car with a sudden motion, and she was thrown off; but, in our judgment, the gist of her action is that as she was about to get off of the car, when she had a right to get off, that the defendant negligently started the car with a sudden motion, of such violance that she was thrown to the ground, and although she alleges in her petition the car was stopped, that she might recover, although the car had not actually come to a full stop at the time she was attempting to get off. We do not understand that it would be negligence, as a matter of law, for a person to undertake to step off a street railroad car when it was actually in motion—moving slowly—before it had come to a full stop; whether such an act would be negligence or not in a given case, in our judgment, would be a proper question for the jury to determine, from all the facts and circumstances.

Now the pleadings in this case show, and the bill of exceptions, so far as the testimony is set forth, that the defendant claimed that plaintiff undertook to get off of this car while it was in motion, and on that account was guilty of contributory negligence, and under this instruction, if the jury found that the car had not actually stopped at the time she undertook to get off they were required to return a verdict in favor of the defendant, and it seems to us that there was error on the part of the learned court below, in giving this instruction and error which may have been and probably was prejudicial to the plaintiff.

I call attention now to request number three on page 38 of the record,. which is objected to, which is as follows:

"The defendant was under obligations to use only ordinary and' reasonable care in the operation of its cars, and ordinary and reasonable care is only that degree of care that ordinarily prudent persons would' ordinarily use under the same or similar circumstances."

This request only imposed upon the defendant the duty to use ordinary and reasonable care in the operation of its cars. We understand

the rule to be in the case of a common carrier, that with reference to a passenger who is being carried for hire, it is his duty and the law imposes upon him the duty to use the highest degree of care; but that with reference to an outsider, to an employee, or a person upon the track, the rule of ordinary care prevails.

I call attention on this subject to Pendleton St. R. R. Co. v. Shires et al. 18 Ohio St., 255. The Supreme Court say in the syllabus, "While the employees of a street railroad company are bound to the highest degree of care and prudence in the management of the teams attached to their cars, with a view to secure the safety of their passengers, a different rule prevails in respect to members of the general public, between whom and the company no relation arising out of contract, express or implied, exists. As to such persons, the employees of the company are only bound to exercise what amounts, under all the circumstances of the case, to ordinary care and prudence."

Also C. C. C. & I. R. R. Co. v. Manson, 30 Ohio St., 451. The third paragraph of the syllabus is "It is the duty of a railroad company to exercise the highest degree of care in the carriage of passengers, and it is the duty of conductors, when women and children are upon their trains, not to direct them to go into places of danger without furnishing such assistance as will prevent accident."

The rule is also laid down in a street railroad case, in Cincinnati St. Ry. Co. v. Kelsey, 6 Circ. Dec., 209. I will read a word or two from page 210 of this case: "The obligation resting on the company is not fulfilled by using a high degree of care. It is bound to use the highest degree of care known to and used by prudent persons engaged in the same pursuit."

I also cite, without reading from it Brooklyn St. Ry. Co. v. Kelley, 3 Circ. Dec., 393, where the question is discussed and the same rule laid down.

Under these authorities in our own state, we are unable to see how this instruction can be sustained. The law seems to be clear and well settled that the duty was imposed upon the defendant towards a passenger, to use the highest degree of care, and in giving that instruction, we are of the opinion that the court erred.

The fourth request on this same page (page 38) is objected to and is as follows:

"4. It you should find from the evidence that the defendant was guilty of negligence, which caused the alleged injury, still your verdict must be for the defendant, if it appears from the evidence that the plaintiff was guilty of any negligence, which in any degree caused or contributed to the injury."

This request is objected to on the ground that the jury were instructed thereby, that it would constitute contributory negligence if her negligence contributed in any degree to the injury, and omitted to state that the negligence must have contributed directly to the injury. It seems that this instruction is in conflict with a recent decision of the Supreme Court of this state. I refer to Schweinfurth, Admr. v. Railroad Co., 60 Ohio St., 215. Paragraph 2 of the syllabus is: "In an action for negligence, it is not error to refuse an instruction, that the defendant cannot be held liable, though guilty of the negligence charged, if the negligence of the person injured contributed in any degree, or in any way, to the injury of which he complains. Unless the negligence of the person injured con-

tributed directly to, or was the proximate cause of the injury, it does not preclude a recovery;" and the court in the course of the opinion discuss the question at some length, and they say of this request and another, "The first and fourth would preclude a recovery if in their language, the negligence of the deceased, contributed in any degree, or in any way, however remotely, to the injury which caused his death and, without regard to the other circumstances of the case; while the rule is that a party is only required to use ordinary care and his failure to do so must, to defeat his recovery, contribute directly or as a proximate cause to the injury of which he complains." In as much as this request left out this necessary element, as laid down by the Supreme Court, it was error to give it to the jury.

Request number five on the same page is as follows:

"5. If the plaintiff after the car was in motion, and knowing that it was then in motion, knowingly and intentionally stepped or walked off the same, and by reason thereof received her alleged injury, your verdict must before the defendant.

This request, in substance, instructed the jury that if she attempted to get off the car while it was in motion, and was injured by reason of such attempt to get off while it was in motion, that would preclude a recovery which amounts to saying to the jury that an attempt to get off a street car while it is in motion is such negligence as would prevent the plaintiff from recovering. We think it was error for the court to so instruct the jury as a matter of law. As I have suggested, whether attempting to get off a street car while it is in motion is negligence or not, is a proper question for the jury It is all the time a question of ordinary care, such care as persons of ordinary prudence would use or are accustomed to use under the same or similar circumstances. Whether it is ordinary care to step off a street car while the same is moving slowly, is a question for the jury to determine, and for the court to say to the jury that to do so would preclude a recovery, in our judgment is error, for the reason that such instruction infringed upon the province of the jury.

Railway. Co. v. Murphy, 50 Ohio St., 135, 143, where the Supreme Court say: "Negligence is always an inference from facts put in evidence, as contrasted with a fact which is the subject of direct proof. The proof disclosed facts calling for logical, as distinct from legal, deduction. Where that is the case the question is for the jury, and not for the court."

Also Cincinnati St. Ry. Co. v. Snell, 54 Ohio St., 197, in the fourth paragraph of the syllabus, the Supreme Court say, if the facts are such that reasonable men might differ as to whether it was negligence or not to do a certain thing, the question is to be left to the jury.

Request number eight on page 39 I will not read, but it is objectionable, for the reason it repeats again the doctrine of ordinary care.

Request number eleven is as follows:

"11. If plaintiff in the exercise of reasonable and ordinary care could have prevented the accident, your verdict should be for defendant."

While that standing alone perhaps would not be reversible error, in our judgment the request is subject to criticism. To charge the jury that if the plaintiff could have prevented the accident, in the exercise of ordinary care, might be misleading. There are, of course, a great many ways in which she might have prevented the accident in the exercise of

ordinary care.   She might have remained on the car, and not attempted to get off at all; she might have staid off the car; she might have done a great many things, that would have prevented the accident, and have been in the exercise of ordinary care; but the burden was not upon her to show that she was exercising ordinary care; unless her own testimony raised the presumption that she was guilty of negligence, and the instruction in that form is objectionable, for the reasons I have suggested, and might be misleading to the jury.

There are some objections to the general charge following these requests, which I need not refer to separately, as they are in the same line with the requests.

I read from the bottom of page 40: "If you find that she was guilty of any negligence on her part, that contributed to the injury:" That is subject to the same objection, as the request to which I have referred, for the reason it does not contain the limitation that it must have contributed directly to the injury.

At the top of page 41 the court again instructs the jury that if she could have prevented the injury by exercise or ordinary care, she could not recover.

For these errors in the charge to which I have referred, and which in our judgment were of such a character as to be prejudicial to the plaintiff below, the judgment of the court of common pleas will be reversed, at the cost of the defendant in error.